658 S.E.2d 205 (2008)
In the Interest of A.B., a child.
No. A08A0691.
Court of Appeals of Georgia.
February 18, 2008.
*206 Phillip Jackson, Atlanta, for appellant.
Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Kathryn A. Fox, Assistant Attorney General, for appellee.
BLACKBURN, Presiding Judge.
The mother of A.B. appeals a deprivation finding that led to A.B.'s being placed into the temporary custody of the Department of Family and Children Services (DFACS). Challenging the sufficiency of the evidence, she argues that the juvenile court should have focused on the adequate care given to the child by its grandmother rather than on the mother's abandonment. We disagree, holding that the evidence of the mother's abandonment was the proper focus and supported the court's finding of deprivation. Accordingly, we affirm.
1. "On appeal from a determination that a child is deprived, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived." (Punctuation omitted.) In the Interest of J.W.[1]
So construed, the evidence shows that A.B., who was born three months premature to a fifteen-year-old mother in late January 2007, experienced serious medical problems (including blindness in one eye, severe iron deficiency requiring supplements, and heart murmurs) and had to remain in the hospital until March. Claiming depression, the mother failed to visit A.B. in the hospital and ran away, leaving no trace as to her whereabouts.[2] Because of this abandonment, A.B.'s maternal grandmother was compelled to take the child upon its discharge from the hospital in March and to apply for temporary custody of the child, which the juvenile court granted based on a probable cause finding of deprivation. When DFACS became aware of the situation in August, it petitioned the court for a full finding of deprivation based on abandonment, which led to an evidentiary hearing later that month that the mother attended with counsel.
At the hearing, DFACS showed that the mother had not only abandoned the child at the hospital and had run away with no trace as to her whereabouts, but she had not contacted the child from February until mid-August. DFACS further showed that the mother had not bonded with the child, had no housing of her own, was unemployed with no income, refused to return to school to finish her high school education, and had never provided care or support for the child. Nor had she received professional treatment for the depression that allegedly led to her abandoning the child. Nor was she capable of caring for or parenting a newborn, let alone a newborn with serious medical problems.
The mother presented some evidence that the grandmother had been caring properly for the child, but the court, which assumed the grandmother had done well with the child, redirected the parties to focus on the mother's actions and abilities. Following the hearing, the court found that the mother had abandoned the child and moreover could not care for the child, leading to a finding of deprivation and the awarding of temporary custody to DFACS (with a recommendation to carefully consider placing the child with relatives). The mother appeals this order.
*207 OCGA § 15-11-55(a)(2)(C) authorizes a juvenile court to transfer temporary legal custody of a child to DFACS upon a finding that the child is deprived. OCGA § 15-11-2(8)(C) provides that a child is deprived who has been abandoned by its parents. The evidence here clearly supported a finding that the mother and the father had abandoned A.B. and that therefore temporary legal custody should be transferred.
Moreover, OCGA § 15-11-2(8)(A) also provides that a child is deprived who is without proper parental care or control. See In the Interest of R.M.[3] "The juvenile court's primary responsibility is to consider and protect the welfare of a child whose well-being is threatened. . . . The special medical needs of a child and the parents' inability to provide for those needs are relevant considerations." (Citations and punctuation omitted.) In the Interest of D.T.[4] Here, DFACS also showed that the mother was incapable of caring for any child, let alone this child with special medical needs. We discern no error in the court's finding of deprivation.
The mother incorrectly focuses on the status of the child when under the care of the grandmother, who had been forced to take custody when the mother abandoned the child. As to this deprivation petition filed against the mother and father, the relevant inquiry was whether they had abandoned the child or were incapable of caring for the child, not whether the child's grandmother who had been pressed into service by the parents' abandonment had been doing a good job. Cf. In the Interest of J.K.[5] (in parental termination cases where the parent does not have custody of the child, the logical inquiry is whether the child would be deprived or harmed if returned to the care of the parent).
2. The mother also complains that the juvenile court did not make certain reasonable efforts under OCGA § 15-11-58(a) to avoid removing A.B. from its home. However, the statute specifically provides that such reasonable efforts are not required where the juvenile court has determined that the parents subjected the child to abandonment. OCGA § 15-11-58(a)(4)(A). We discern no error.
Judgment affirmed.
MILLER and ELLINGTON, JJ., concur.
NOTES
[1] In the Interest of J.W., 271 Ga.App. 518, 519, 610 S.E.2d 144 (2005).
[2] At no point has the putative father, who is aware of the child, contacted the child or expressed any interest in the child.
[3] In the Interest of R.M., 276 Ga.App. 707, 715, 624 S.E.2d 182 (2005).
[4] In the Interest of D.T., 284 Ga.App. 336, 339(1), 643 S.E.2d 842 (2007).
[5] In the Interest of J.K., 278 Ga.App. 564, 567(1), 629 S.E.2d 529 (2006).